# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02471-MSK-KMT

THOMAS SILVERSTEIN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JOYCE CONLEY,
MICHAEL NALLEY, and
RON WILEY,

    Defendants.

## PROTECTIVE ORDER FOR "FOUNTAIN DOCUMENTS"

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents from Inmate Fountain's Central File are designated as CONFIDENTIAL by marking them "CONFIDENTIAL - FOUNTAIN."

4. Information designated by an attorney for either party as CONFIDENTIAL - FOUNTAIN shall be information from the Central File of former Bureau of Prisons inmate Clayton Fountain that implicates prison security and safety because it pertains to another inmate. CONFIDENTIAL - FOUNTAIN information may be disclosed to Plaintiff, but Plaintiff shall not possess copies of said information in his cell. The protections granted by this Protective Order shall not be waived.

5. CONFIDENTIAL - FOUNTAIN information may be reproduced electronically for litigation management purposes only. CONFIDENTIAL - FOUNTAIN information may only be physically reproduced so that it contains the mark "CONFIDENTIAL - FOUNTAIN."

6. CONFIDENTIAL - FOUNTAIN information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

   a. attorneys, including student attorneys, actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case, including student attorneys enrolled in the Student Law Office, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   d. the Court, and necessary Court staff, pursuant to Paragraphs 8, 10; and

  e.  other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL - FOUNTAIN information to any person listed above (other than counsel and persons employed by counsel), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to <u>in camera</u> review by the Court if good cause for review is demonstrated by the opposing party.

8. If additional disclosure is needed of CONFIDENTIAL - FOUNTAIN information, counsel for Plaintiffs will contact counsel for Defendants to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within five (5) business days, either party may file an appropriate motion with the Court. Said motion may request <u>in camera</u> review of the CONFIDENTIAL - FOUNTAIN information.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL - FOUNTAIN and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular information as CONFIDENTIAL - FOUNTAIN by giving written notice to the counsel for the party designating the disputed

information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL - FOUNTAIN to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL - FOUNTAIN under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL - FOUNTAIN and shall not thereafter be treated as CONFIDENTIAL - FOUNTAIN in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL - FOUNTAIN shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL - FOUNTAIN.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL - FOUNTAIN shall be returned to the party that designated it CONFIDENTIAL - FOUNTAIN, or the parties may agree to destroy CONFIDENTIAL - FOUNTAIN documents. Where the parties agree to destroy CONFIDENTIAL - FOUNTAIN documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge