IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02471-PAB-KMT

THOMAS SILVERSTEIN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, sued in its official capacity,
HARLEY LAPPIN, Director, Federal Bureau of Prisons,
JOYCE CONLEY, Assistant Director, Correctional Programs Division, Federal Bureau of Prisons,
MICHAEL NALLEY, Regional Director, Federal Bureau of Prisons, in his official capacity, and
RON WILEY, Warden, United States Penitentiary Administrative Maximum,
all individuals sued in their official and individual capacities,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Leave to File Second Amended Complaint" (hereinafter "Motion"). [Doc. No. 140, filed April 14, 2009]. Defendants filed "Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint" [Doc. No. 152] on May 4, 2009. In that Response, Defendants indicated that "[a]fter reviewing Plaintiff's Proposed Second Amended Complaint, Defendants do not oppose Plaintiff's Motion." (Rsp. at 1.)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend

the pleadings) when justice so requires."    See also *York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Wherefore, it is **ORDERED** Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. No. 140] is **GRANTED**.  The "Second Amended Complaint for Declaratory and Injunctive Relief and Damages and Jury Demand" currently attached at Exhibit A to

the Motion [Doc. No. 140-2] will be filed by the Clerk of the Court.

It is further **ORDERED**

A status/scheduling conference is set for **July 16, 2009 at 9:30 a.m.**

Dated this 14th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge