IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02471-PAB-KMT

THOMAS SILVERSTEIN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, sued in its official capacity,
JOHN VANYUR, former Assistant Director, Correctional Programs Division, Federal Bureau of Prisons; in his individual capacity,
JOYCE CONLEY, Assistant Director, Correctional Programs Division, Federal Bureau of Prisons,
MICHAEL NALLEY, Regional Director, Federal Bureau of Prisons, in his official capacity,
DONALD DENNEY, Regional Psychology Administrator, North Central Region, Federal Bureau of Prisons, in his individual and official capacities,
RONNIE WILEY, Warden, United States Penitentiary Administrative Maximum, in his individual and official capacities,
MARIE BAILEY, Staff Psychologist, United States Penitentiary Administrative Maximum, in her individual and official capacities, and
PAUL ZOHN, Staff Psychologist, United States Penitentiary Administrative Maximum, in his individual and official capacities,

    Defendants.

## ORDER

This matter is before the court on "Defendant's Motion for Entry of a Temporary Protective Order and a Limited Stay of Discovery Pending Resolution of Objections" [Doc. No. 252, filed December 23, 2009]. Although the defendants note the plaintiff's objection to the relief requested in the Motion, I find that a response from Plaintiff would not be helpful under these circumstances.

The Defendants seek relief from this court's December 14, 2009 Order [Doc. No. 248] with respect to the deposition testimony of Paul Layer, the Bureau of Prisons' Associate General

Counsel for Legislative and Correctional Issues Branch.  The Defendants have timely filed objections to the December 14, 2009 Order, seeking reversal by the District Court pursuant to Fed. R. Civ. P. 72(a).  The Defendants challenge this court's findings under Fed. R. Evid. 502 with respect to the disclosure of a document about which the Defendants had designated Mr. Layer as the Rule 30(b)(6) witness to speak on behalf of the Bureau of Prisons.

> D.C.COLO.LCiv.R 30.2(B) provides
>
> The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed.  Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge.  The motion shall be supported by good cause.

*Id.*

Fed. R. Evid. 502 was enacted on September 19, 2008, and as a result does not have the breadth of prior judicial interpretation to which many of the evidentiary rules are privileged.  Additionally, the majority of reported judicial opinions dealing with Rule 502 involve disclosures associated with electronic discovery in the form of e-mail or similar communications.  Such is not the situation confronted in this case.  The December 14, 2009 Order affects a document and its associated subject matter which I found began its existence as privileged under the attorney-client, work product and deliberative process privileges.  Therefore, should the District Court disagree with the findings I made, the Defendants would suffer prejudice by potentially being forced to disclose additional information which might otherwise be covered by

privilege.[1]  If required to proceed with the deposition of Paul Layer prior to the District Court's review, Defendants will be effectively foreclosed from meaningful review.

In weighing the propriety of a stay, this court may consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. 2006).

The stay of discovery requested is very limited – only the Layer deposition and the limited discovery allowed under the December 14, 2009 Order will be affected.  Prior to the filing of the motions to which the December 14, 2009 Order was directed, there remained only a few days in the discovery period.  No trial date has been set in this case and the Final Pretrial Conference is not scheduled until April 19, 2010.  The court is not inconvenienced by a stay to allow time for review of the Order, except to the limited extent that the dispositive motions filing deadline may be affected.  Therefore, I find that the burden on the defendants outweighs the potential prejudice to the plaintiff of a brief delay to allow consideration of Defendants' objections before proceeding with the final segment of discovery.

It is therefore ORDERED

"Defendant's Motion for Entry of a Temporary Protective Order and a Limited Stay of Discovery Pending Resolution of Objections" [Doc. No. 252] is GRANTED.  Discovery as to

---

[1] Contrary to the arguments of counsel, disclosure of opinion work product is **not** authorized or allowed by the December 14, 2009 Order.  See Order at 27 ("Opinion work product, even if developed simultaneously or in concert with the October 2004 Document and concerning the same subject matter, will remain protected from disclosure. Fed. R. Civ. P. 26(b)(3).")

those matters covered by the December 14, 2009 Order is temporarily stayed pending ruling by the District Court on the Defendants' Objections to the Magistrate Judge's Order [Doc. No. 251].

Dated this 29th day of December, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge