IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02471-PAB-KMT

THOMAS SILVERSTEIN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, sued in its official capacity,
JOYCE CONLEY, in her individual capacity,
MICHAEL NALLEY, in his individual capacity,
DONALD DENNEY, in his individual capacity,
MARIE BAILEY, in her individual capacity,
PAUL ZOHN, in his individual capacity, and
JOHN VANYUR, former Assistant Director, Correctional Programs Division, Federal Bureau of Prisons; in his individual capacity,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion for Leave to Reopen Discovery for the Limited Purpose of Taking the Deposition of Warden Blake R. Davis" (Doc. No. 271 ["Mot."], filed November 30, 2010). Defendants filed their Response on December 21, 2010 (Doc. No. 283 ["Resp."]) and a Supplement on January 2, 2010 (Doc. No. 284 ["Supp. Resp."]), and Plaintiff filed his Reply on January 4, 2011 (Doc. No. 286 ["Reply"]). This motion is ripe for ruling.

Plaintiff seeks an order allowing him to reopen discovery for the limited purpose of taking the deposition of ADX Warden Blake R. Davis. (Mot. at 1.) The discovery deadline in this case was set at February 20, 2010. (Doc. No. 248.)

The court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted). With regard to the fourth factor, the Court of Appeals for the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4) ] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.' " *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

Plaintiff represents that he recently learned that Defendants, through Warden Davis, are asserting a new reason for refusing to admit Plaintiff into the ADX Step-Down Program. (Mot. at 1.) Plaintiff states that, in response to administrative remedy request filed July 20, 2010, in

2

which Plaintiff asked why he had been denied entry into the Step-Down Program again, Warden Davis wrote:

> [Y]ou continue to demonstrate a commitment to Aryan Brotherhood gang activities and association with members of that gang. This continued gang commitment and association indicates it is unlikely you could be placed in the Step-Down Program without jeopardizing the safety of staff, other inmates, and yourself and the security and orderly operation of the institution. Moreover, such continued association is contrary to the mission of the Step-Down Program, especially when you allege you have otherwise complied with all the requirements for such placement.

(*Id.* at 1–2; Ex. 1.)  Plaintiff's counsel avers she did not receive this document until October 14, 2010, via a supplemental production of documents.  (*Id.* at 2.)

The second factor weighs in favor of the defendants, who oppose the motion to reopen discovery for several reasons discussed below.  As to the first and third factors, Defendants concede that no trial date has been set; however, they assert it would be prejudicial to reopen discovery because of the then-approaching deadline for filing dispositive motions.  The court notes that since the filing of their Response, Defendants have filed a Motion for Summary Judgment that is pending before Judge Brimmer.  The court finds Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed.  Therefore, the first factors weighs in favor of Plaintiff, but the third factor weighs in favor of Defendants.

As to the fourth factor, Defendants assert that Plaintiff was not diligent in obtaining the discovery now sought because Plaintiff himself knew of that the BOP was concerned about his membership and activities in Aryan Brotherhood for more than eight months prior to filing his

3

motion. (Resp. at 5.) Defendants also assert that Plaintiff was not diligent in seeking the deposition of Warden Davis, who has been the ADX Warden since October 2009. (*Id.*) Additionally, Defendants argue that Plaintiff and his counsel knew at his deposition, conducted October 26, 2009, that Plaintiff's membership and activities in the Aryan Brotherhood were issues that may be relevant to his claims. (Supp. Resp. at 1.) Plaintiff replies that he could not have known of the need for discovery in this regard until after he received Warden Davis's response to the administrative remedy in August 2010. (Reply at 3–4.)

During his deposition, conducted four months before the discovery cutoff, when Plaintiff was questioned about his membership and activities in the Aryan Brotherhood, Plaintiff refused to answer, asserting his Fifth Amendment right against self-incrimination. (*See* Doc. No. 284-1.) Defendants assert that the questions posed to Plaintiff such as whether Plaintiff is a current member of the Aryan Brotherhood; whether Plaintiff knows the current generation Aryan Brotherhood leaders; whether Plaintiff is in contact with current Aryan Brotherhood members or associates; whether Plaintiff is in contact with persons who may have a connection with the Aryan Brotherhood; and whether the Aryan Brotherhood would contact Plaintiff if he were incarcerated in an open prison population, should have made it evident to Plaintiff and his counsel that they may need to conduct additional discovery regarding the defendants' obvious concerns about Plaintiff's membership in and activities with the Aryan Brotherhood. (Supp. Resp. at 2–3.) Defendants argue that Plaintiff should have noticed the deposition of Warden Davis at that time to inquire into these issues. (*Id.*) Plaintiff replies that he is not seeking to depose Warden Davis because he is the current ADX warden, but rather because of the Warden's

written statements in the August 2010 letter denying Plaintiff's entry into the Step-Down Program. (Reply at 4.)

In addition to the inquiry into Plaintiff's association with the Aryan Brotherhood during Plaintiff's own deposition in October 2009, the record reflects that Plaintiff has been aware of Defendants' concern that Plaintiff "would engage in future activities and association with the Aryan Brotherhood" since the deposition of Defendants' rebuttal expert, Leslie Smith, on November 3, 2009. (Mot., Ex. 2 at 3; Doc. No. 273.) The record also reflects that Plaintiff was advised in January 2010, when Warden Davis denied Plaintiff's administrative remedy, that the Step-Down Program Screening Committee considered, among other things, Plaintiff's "membership in the Aryan Brotherhood" in determining whether to advance Plaintiff to the intermediate phase of the Step-Down Program. (Resp., Ex. A-1 at 7.) Moreover, Plaintiff's counsel received supplemental discovery including these documents on March 10, 2010–more than eight months before filing the present motion. (*Id.*, Ex. A-1 at 1.)

The court agrees with the defendants that, in light of the questions posed to Plaintiff at his deposition in October 2009, the deposition of Leslie Smith in November 2009, and the supplemental discovery provided in March 2010, Plaintiff and his counsel have been aware of the defendants' ongoing and continuing–not new–concerns about Plaintiff's association with the Aryan Brotherhood. The court finds Plaintiff has not been diligent in requesting Warden Davis' deposition, which could have been requested at any time after October 2009–four months before discovery closed and fourteen months prior to the filing of the present motion. The court finds, therefore, that the fourth factor weighs in favor of the defendants.

Regarding the fifth factor–the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court–the court finds this factor weighs in favor of the defendants. The plaintiff could have moved for an extension of the discovery deadlines at any time prior to the close of discovery on February 20, 2010. The court notes that it has been very liberal about granting extensions of the discovery deadlines in this case and upon a review of the docket can find at least eleven extensions of the discovery cutoff since the first deadline of September 15, 2008. At some point, especially because the court has determined that the information sought by Plaintiff was continuing information, discovery must come to an end.

Finally, as to the sixth factor, there seems to be no dispute that the discovery sought by Plaintiff will lead to relevant evidence. However, balancing six *Smith* factors, the court finds four of the six factors weigh in favor of Defendants. Therefore, it is

**ORDERED** that "Plaintiff's Motion for Leave to Reopen Discovery for the Limited Purpose of Taking the Deposition of Warden Blake R. Davis" (Doc. No. 271) be **DENIED**.

Dated this 10th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge