IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02471-PAB-KMT

THOMAS SILVERSTEIN,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
JOHN VANYUR,
JOYCE CONLEY,
MICHAEL NALLEY, and
RONNIE WILEY,

      Defendants.
_____

**ORDER**
_____

      This matter is before the Court on the Motion to Alter or Amend Judgment [Docket No. 398] filed by plaintiff Thomas Silverstein.  Plaintiff requests that the Court reconsider the Court's September 30, 2011 Order [Docket No. 395] granting defendants summary judgment on plaintiff's Fifth and Eighth Amendment claims.  The facts relevant to this motion were outlined in the Court's summary judgment order and are incorporated by reference.

## I.  STANDARD OF REVIEW

      A litigant subject to an adverse judgment, who seeks reconsideration by the district court of that adverse judgment, may file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  In order for a party to succeed on a Rule 59 motion, the party must

show either "(1) an intervening change in the controlling law, (2) new evidence

previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

However, a Rule 59(e) motion is not a license to rehash arguments previously

addressed or to advance new arguments that could have been raised previously. *Id*.

Finally, the decision to grant a Rule 59(e) motion is left to the discretion of the district

court. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)

("[i]n determining whether to grant or deny a Rule 59(e) motion to alter or amend the

judgment, the district court is vested with considerable discretion.").

Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or

amend judgment must be filed no later than 28 days after the entry of judgment.  Fed.

R. Civ. P. 59(e).  In this case, Final Judgment [Docket No. 397] entered on October 3,

2011 and plaintiff filed his motion to amend the judgment on October 31, 2011.

Because the motion was filed within twenty-eight days after judgment entered, the

Court will consider the motion under Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 ("If

a motion is served within [twenty eight] days of the rendition of judgment, the motion

ordinarily will fall under Rule 59(e).").

## II.  ANALYSIS

### A.  Summary Judgment

On September 30, 2011, the Court granted summary judgment in favor of

defendants and against plaintiff's Fifth Amendment due process claim and Eighth

2

Case 1:07-cv-02471-PAB-KMT   Document 406   Filed 09/13/12   USDC Colorado   Page 3 of 13

Amendment cruel and unusual punishment claim.  Docket No. 395 at 43.  Plaintiff

requests that the Court reconsider the summary judgment order with respect to both of

these claims.  *See* Docket No. 398.  In support, plaintiff claims that the Court committed

clear error when it (1) found that plaintiff's claims accrued in 2005, (2) failed to consider

the entirety of plaintiff's 27 years of solitary confinement, (3) failed to apply controlling

precedent in *Toevs v. Reid*, 646 F.3d 752 (10th Cir. 2011), and (4) applied a

substantive due process analysis to plaintiff's procedural due process claim.  *See id*.

For the Court to grant plaintiff's request, he must show that the Court's summary

judgment order was based on a clear error of law.  *See ClearOne Commc'n, Inc. v.

Biamp Sys.*, 653 F.3d 1163, 1179 (10th Cir. 2011) (noting that the Tenth Circuit reviews

the denial of a Rule 59(e) motion for abuse of discretion to determine whether the

district court's ruling relied on erroneous legal conclusions).

## B.  Statute of Limitations

Plaintiff argues that the Court erred when it found that his claims accrued in

2005.[1]  Docket No. 398 at 2.  Plaintiff does not challenge the Court's conclusion that the

continuing violation doctrine does not apply in plaintiff's claim for *damages* in this case,

but rather asserts that the Court erred in not applying the "ongoing violation" doctrine to

determine the dates that his Fifth and Eighth Amendment claims accrued.  *Id*.

According to plaintiff, the ongoing violation doctrine "is used to determine accrual dates,

_____

[1]The Court assumes that plaintiff's arguments apply to both his Fifth Amendment
*Bivens* claim and his Eighth Amendment claim for equitable relief.  In that regard, the
Court's previous order found that plaintiff's Eighth Amendment claim had an accrual
date of July 12, 2005, *see* Docket No. 395 at 13-15, while plaintiff's Fifth Amendment
*Bivens* claim had an accrual date of November 28, 2005.  *See id*.

3

and applies where the injuries alleged are the consequences of a continuous series of events." Docket No. 398 at 2 n.1 (citation omitted). The Court finds this argument unconvincing.

In the summary judgment order, the Court found that plaintiff's Eighth Amendment claim was not barred by the statute of limitations because plaintiff sought prospective equitable relief. Docket No. 395 at 15. The Court, however, declined to construe plaintiff's Eighth Amendment claim as reaching actions taken by the Bureau of Prisons ("BOP") since 1983 because those actions were time-barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). *Id*. Instead, the Court relied on *Urabazo v. United States*, 1991 WL 213406 (10th Cir. Oct. 21, 1991), and found that plaintiff's Eighth Amendment claim accrued on July 12, 2005 when he was transferred to ADX because that was "when all the events [ ] occurred which fix[ed] the alleged liability of the United States" with respect to plaintiff's current conditions of confinement. *Id*. at *2. Although the Court could have considered plaintiff's conditions of confinement as far back as November 28, 2001, six years before plaintiff filed his complaint, the Court declined to do so because "nothing in plaintiff's supporting documents suggest[ed] that he [was] likely to be subject to" the same conditions of confinement he had at United States Penitentiary ("USP") Leavenworth. Docket No. 395 at 32.

With respect to plaintiff's Fifth Amendment *Bivens* claim, the Court determined the accrual date as November 28, 2005 – two years before the filing of this suit – because *Bivens* claims are subject to a two-year statute of limitations. Docket No. 395 at 16. The Court declined to apply the continuing violation doctrine to plaintiff's Fifth

Amendment *Bivens* claim because the Tenth Circuit has not applied this doctrine to 42 U.S.C. § 1983 or *Bivens* claims. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011); *Brock v. Herbert*, 435 F. App'x 759, 763 n.5 (10th Cir. 2011). Instead, to establish the accrual date, the Court relied on the Tenth Circuit's decision in *Fogle v. Slack*, 419 F. App'x 860 (10th Cir. 2011). In *Fogle*, the Tenth Circuit considered whether the continuing violation doctrine applied to claims by a prisoner that his assignment to administrative segregation violated his due process rights. *Id*. at 862. The Tenth Circuit declined to extend the continuing violation doctrine to § 1983 cases and found that, because "each segregation decision was of a discrete nature and that, in many instances, segregation decisions were made by different decision makers across three different correctional facilities," it was inappropriate to aggregate all of these decisions for statute of limitations purposes. *Id*. at 864-65. Because plaintiff's conditions of confinement here were also subject to different decision makers in different correctional institutions, the Court declined to apply the continuing violation doctrine to discrete decisions made by these various actors. Docket No. 395 at 18.

In support of his argument that the ongoing violation doctrine applies to § 1983 claims, plaintiff relies on *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001). *Heard*, however, is distinguishable from this case. The plaintiff in *Heard* based his complaint under the Eighth Amendment on a denial of medical care. The Seventh Circuit decided that it would be "unreasonable to require him, as a condition of preserving his right to have a full two years to sue in respect of the last day on which his request was ignored, to bring separate suits two years after each of the earlier days of deliberate

indifference." *Id*. at 319-20.  The court also noted that "it would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them." *Id*. at 320.  The plaintiff in *Heard* was held at the same jail for a period of approximately two years and five months. *Id*. at 317.  By contrast, plaintiff here does not argue the impracticality of multiple law suits and has been confined in four different institutions over three decades and subject to confinement decisions by different officials.  The Tenth Circuit in *Fogle v. Slack*, 419 F. App'x 860 (10th Cir. 2011), decided that the "continuing violation" doctrine was inapplicable to a situation where plaintiff asked that "each of defendants' decisions to keep him in administrative segregation should be grouped together," and instead found that "each segregation decision was of a discrete nature," thus making it "inappropriate to aggregate all such decisions into one continuing violation for limitations purposes." *Id*. at 864-65.  Plaintiff provides no basis to take this case outside of the reasoning of *Fogle*.

Similarly, plaintiff has provided no reason to believe that 28 U.S.C. § 2401(a) is tolled or otherwise modified by the continuing violation doctrine.  Thus, the Court finds no error with an accrual date of July 12, 2005 for his Eighth Amendment claim. Therefore, the Court finds that its previous determination of the accrual dates for plaintiff's claims was not erroneous.

### C.   Conditions of Confinement

Plaintiff's second contention is that the Court's failure to consider his conditions of confinement before 2005 artificially limits his claims.  Docket No. 398 at 6.  Plaintiff

argues that the Court cannot separate his Fifth and Eighth Amendment claims from the total length of his isolation.  *Id*.[2]

With respect to plaintiff's Eighth Amendment claim, the Court finds no reason to reconsider plaintiff's confinement before his transfer to ADX.  Docket No. 395 at 32. Because plaintiff's Eighth Amendment claim seeks prospective injunctive relief, consideration of his twenty-seven years of incarceration is unnecessary.  Since 1983, plaintiff has been incarcerated in four different institutions: (1) Marion Control Unit; (2) USP Atlanta; (3) USP Leavenworth; and (4) ADX.  Docket No. 395 at 3-4.  Throughout this period, the conditions of plaintiff's segregation varied considerably.  Given the divergent treatment plaintiff received at these institutions, a review of his previous conditions of confinement sheds no light on plaintiff's current conditions of confinement. The only constant, and the one plaintiff wishes the Court to consider, is that he was segregated from the rest of the prison population.  However, the nature of plaintiff's segregation has differed in every institution in which he has resided as he had varying degrees of communication with other prisoners or prison guards, control over the lights, visitation rights, access to exercise equipment, and outdoor recreation.  Thus, the Court finds no error in only considering plaintiff's current conditions of confinement at ADX.

Moreover, none of the cases cited by plaintiff establish that the duration of segregation, by itself, can turn an otherwise constitutional condition of confinement into an unconstitutional condition.  In *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006), the Tenth Circuit dealt with a Fifth Amendment liberty interest claim and discussed the

---

[2]The Court will discuss plaintiff's due process claim in Section II.D, *infra*.

length of the plaintiff's segregation only in comparison to other similarly situated prisoners. *Id*. at 1225.  The Tenth Circuit found that the plaintiff's extended segregation of 750 days was atypical because other prisoners spent a maximum of 180 days in segregation for the worst offenses.  *Id*.  In *DeSpain v. Uphoff*, 264 F.3d 965 (10th Cir. 2011), the Tenth Circuit mentioned in passing that the severity and duration of deprivations for an Eighth Amendment claim are inversely proportional.  *Id*. at 974.  However, the Tenth Circuit's discussion of the duration of a particular deprivation was largely dicta because the Tenth Circuit found that the exposure to human feces was sufficiently serious to establish an Eighth Amendment claim and did not rely on the duration of the exposure (i.e. thirty-six hours).  *Id*. at 974-75.  In *Hutto v. Finney*, 437 U.S. 678 (1978), the Supreme Court dealt with overcrowded punitive isolation cells.  *Id*. at 685-87.  In finding those conditions unconstitutional, the Court expressly held that it was not the indeterminate nature of isolation that made the conditions unconstitutional, but rather the combination of the overcrowded cells with an inappropriate diet for undefined periods of time.  *Id*. at 687.  Thus, although the duration of isolation is a factor for the Court to consider, plaintiff points to no caselaw which holds that the Court must consider time spent in segregation even if it falls outside of the statute of limitations period.

In addition, the three cases cited by plaintiff which have discussed a prisoner's conditions of confinement for periods longer than the statute of limitations are cases where the prisoner was in the same institution for the entire period of incarceration. *See, e.g., Rezaq v. Nalley*, No. 07-cv-02483-LTB-KLM, 2010 WL 5157317, at *5-8

8

(D.Colo. Aug. 17, 2010) (plaintiff located at ADX for thirteen years); *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2010 WL 1291833, *9 n.10 (D. Colo. March 30, 2010) (plaintiff located at ADX for seven years); *Wilkerson v. Stalder*, 639 F. Supp. 2d 654 (M.D. La. 2007) (35 years in isolation at the Louisiana State Penitentiary at Angola, Louisiana).  Plaintiff, however, has not been incarcerated in the same institution for a continuous period of time, and his conditions of confinement have varied at each institution.  Accordingly, the Court finds no error with its refusal to consider the entirety of the twenty-seven years plaintiff has spent in segregation.[3]

### D.  Due Process

Plaintiff presents three separate arguments with respect to the Court's previous due process analysis.  First, plaintiff argues that the Court failed to apply *Toevs v. Reid*, 646 F.3d 752 (10th Cir. 2011) (*"Toevs I"*), when analyzing plaintiff's Fifth Amendment claim.  Docket No. 398 at 9.  Second, plaintiff claims that the Court erroneously elevated the required showing for a liberty interest by incorporating Eighth Amendment and substantive due process standards.  *Id*. at 12.  Third, plaintiff asserts that the Court erred when it discussed the adequacy of the process at ADX in a footnote while

---

[3]The Court also denies plaintiff's motions to alter or amend the judgment because of newly discovered evidence [Docket Nos. 401, 405].  Even if the Court considered plaintiff's additional evidence, it would not create a fact issue as to whether plaintiff's current conditions of confinement at ADX violate the Eighth Amendment.  As the summary judgment order found, plaintiff can have social visits, two 15-minute phone calls per month, and 1.5 to 2 hours of indoor and outdoor recreation five times a week.  Docket No. 395 at 38.  Plaintiff's additional evidence does not consider his particular conditions of confinement and merely discusses segregation in the abstract.  As such, it is insufficient for the Court to reconsider its earlier rulings.

simultaneously declining to review the adequacy of the process plaintiff actually received. *Id*. at 13.

In order to prevail on a Fifth Amendment due process claim, a plaintiff must first establish that he has a liberty interest in his conditions of confinement and that defendants provided inadequate procedural safeguards. *Wilkinson v. Austin*, 545 U.S. 209, 221-25 (2005). In the summary judgment order, the Court relied on *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007), to determine whether plaintiff had presented sufficient facts to survive a motion for summary judgment on his Fifth Amendment claim. Docket No. 395 at 20. In *DiMarco*, the Tenth Circuit identified four factors that courts consider to determine whether a plaintiff has a liberty interest in his or her conditions of confinement: "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of confinement are extreme; (3) the placement increases the duration of confinement, as it did in *Wilkinson*; and (4) the placement is indeterminate." 473 F.3d at 1342. In applying the *DiMarco* factors, the Court found that plaintiff did not create a genuine dispute of fact that he had a liberty interest in his confinement at ADX. Docket No. 395 at 22-30. First, the Court found that defendants had a legitimate penological interest in plaintiff's placement at ADX, namely, the safety of prison officials and other prisoners. *Id*. at 22. Second, the Court found that the conditions of confinement at ADX were not extreme because plaintiff was not completely deprived of environmental or sensory stimuli and could communicate with other inmates and prison guards. *Id*. at 24-25. The Court also found that the length of plaintiff's administrative

10

segregation did not render his conditions of confinement extreme at ADX when compared to other ADX prisoners. *Id*. at 26.  With respect to the third factor, the Court found no indication that plaintiff's confinement at ADX increased the duration of his sentence. *Id.* at 27.  Finally, the Court found that plaintiff's placement at ADX was not indefinite because he was "given regular reviews, the opportunity to present objections, and specific reasons for the denial of his application[]" for entrance in prison programs. *Id*. at 30.

After the Court's summary judgment order, the Tenth Circuit issued two opinions relevant to the issues presented in this case.  On April 2, 2012, after a panel re-hearing of its previous decision, the Tenth Circuit issued a second opinion in *Toevs v. Reid*, 685 F.3d 903 (10th Cir. 2012) (*"Toevs II"*).  In *Toevs II*, the Tenth Circuit clarified that its discussion of the adequacy of the process provided in the Quality of Life Level Program ("QLLP"), a stratified incentive program, applies only after a plaintiff has established a liberty interest in his or her participation in such a program. *Id*. at 911-12.  In so holding, the Tenth Circuit made it clear that its discussion of a prison-based stratified incentive program was not necessarily part of the fourth *DiMarco* factor (i.e. the indeterminate nature of confinement). *Id*. at 912-14.

On April 20, 2012, the Tenth Circuit decided *Rezaq v. Nalley*, 677 F.3d 1001 (10th Cir. 2012).  In *Rezaq*, the Tenth Circuit considered two consolidated cases from prisoners incarcerated at ADX.  In one case, plaintiff Omar Rezaq sued several BOP officials alleging a Fifth Amendment liberty interest in avoiding transfer to ADX. *Rezaq*, 677 F.3d at 1006.  The district court granted summary judgment to defendants finding

that the conditions of confinement at ADX did not give rise to a liberty interest.  *Id*. at

1007.  In the other case, plaintiff Mohammed Saleh brought a Fifth Amendment claim

against BOP officials alleging that he had a liberty interest in his transfer to the general

population unit at ADX and a liberty interest in entry into the ADX step-down program.

*Id*.  The district court found that Mr. Saleh did not have a protected liberty interest in

avoiding the conditions of confinement at ADX.  *Id*. at 1007-08.  The Tenth Circuit

affirmed both cases after analyzing the *DiMarco* factors and found that the plaintiffs did

not have a liberty interest in avoiding confinement at ADX and, without a liberty interest,

the Tenth Circuit found no need to discuss the adequacy of the process provided at

ADX.  *Id*. at 1016.

With respect to the first *DiMarco* factor, *Rezaq* found that administrative

segregation served the defendants' penological interest of combating the "unusual

security and safety concerns" posed by Mr. Rezaq and Mr. Saleh.  *Id*. at 1014.  The

Tenth Circuit noted that the BOP did not have to prove that segregated confinement

was essential in every case and only needed to show "a reasonable relationship

between isolation and the asserted penological interests."  *Id*.  In regard to the second

*DiMarco* factor, the Tenth Circuit found that the conditions of confinement in the general

population unit at ADX were not extreme as a matter of law.  *Id*. at 1015.  The Tenth

Circuit noted that, although the *Rezaq* district court used the phrase "the basic

necessities of life," it did not erroneously incorporate an Eighth Amendment and

substantive due process precedent to determine whether the challenged conditions

were extreme.  *Id*.  As to the third *DiMarco* factor, the Tenth Circuit found that

confinement at ADX did not increase the plaintiffs' sentences. *Id*. at 1016.  Finally, the

Tenth Circuit found that plaintiffs' confinement was not indeterminate because plaintiffs

were given periodic reviews in which plaintiffs had an opportunity to participate. *Id*.

Based on the Tenth Circuit's decisions in *Toevs II* and *Rezaq*, the Court finds no error

with its previous order.

    In conclusion, the Court finds that plaintiff has failed to provide any new

evidence, intervening law, or any other reasons for the Court to reconsider its prior

ruling.

## III.   CONCLUSION

    For the foregoing reasons, it is

    **ORDERED** that Plaintiff's Motion to Alter or Amend Judgment [Docket No. 398]

is **DENIED**.  It is further

    **ORDERED** that Plaintiff's Motion to Supplement His Motion to Alter or Amend

the Judgment (Doc. 398) or, in the Alternative, for Relief from Final Judgment Pursuant

to Fed. R. Civ. P. 60(b) [Docket No. 401] is **DENIED**.  It is further

    **ORDERED** that Plaintiff's Supplement to Docket No. 401, Motion to Alter or

Amend the Judgment (Doc. 398) or, in the Alternative, for Relief from Final Judgment

Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 405] is **DENIED**.


    DATED September 13, 2012.

                                            BY THE COURT:

                                             s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge